United States District Court
for the
Southern District of Florida

| Seminole Tribe of Florida, Plaintiff, | ) | |
|---|---|---|
| v. | ) | |
| Leon Biegalski, as Executive Director of the Department of Revenue of the State of Florida, Defendant. | ) ) ) ) ) ) | Civil Action No. 16-62775-Civ-Scola |

## Order Denying Motion for Reconsideration

Plaintiff Seminole Tribe of Florida asks the Court to reconsider its order (ECF No. 41) granting Defendant Leon Biegalski's motion to dismiss the Tribe's complaint. For the reasons that follow, the Court **denies** the Tribe's motion (**ECF No. 43**) but, at the same time, sua sponte clarifies limited aspects of the order granting dismissal.

### 1. Standard of review

"[I]n the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly." *Gipson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007). A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). "Simply put, a party may move for reconsideration only when one of the following has occurred: an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 (S.D. Ala. 2008) (quoting *Vidinliev v. Carey Int'l, Inc.*, No. CIV.A. 107CV762-TWT, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008)). However, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Z.K. Marine*, 808 F. Supp. at 1563 (citation omitted). Certainly if any of these situations arise, a court has broad discretion to reconsider a previously issued order. Absent any of these conditions, however, a motion to reconsider is not ordinarily warranted.

More specifically, Federal Rule of Civil Procedure 59(e), under which the Tribe claims to be proceeding, permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion," however, "are newly-

discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted). That is, "[a] Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.*

## 2. Background

The Tribe is a federally recognized Indian tribe with reservations throughout Florida. In a prior case, in 2012, the Tribe sought declaratory and injunctive relief against Marshall Stranburg, the then interim executive director of Florida's Department of Revenue, complaining that Florida's rental and utility taxes were being applied to the Tribe in violation of federal Indian law. *Seminole Tribe of Florida v. Florida*, 49 F. Supp. 3d 1095, 1096–97 (S.D. Fla. 2014) (Scola, J.) ("*Seminole I*"), *aff'd in part, rev'd in part sub nom. Seminole Tribe of Florida v. Stranburg*, 799 F.3d 1324 (11th Cir. 2015). This Court agreed with the Tribe, granting summary judgment in its favor on all of its claims. *Seminole I*, 49 F. Supp. 3d at 1097. Stranburg appealed, however, securing a reversal of the Court's judgment on the utility tax but not the rental tax. The Eleventh Circuit found the Court had "erred in placing the legal incidence of the Utility Tax on the Tribe." *Seminole*, 799 F.3d at 1353, *cert. denied sub nom. Seminole Tribe of Florida v. Biegalski*, 136 S. Ct. 2480 (2016). Instead, the Eleventh Circuit concluded the legal incidence of the utility tax "falls on the non-Indian utility company" and, further, its application, based on the record before the court, was not preempted by federal law—either in whole or in part. *Id.* at 1352, 53.

Upon remand of the case back to this Court from the Eleventh Circuit, Stranburg moved for the entry of judgment. The Tribe objected, contending it should be permitted to present additional evidence and argument establishing the utility tax's preemption with respect to fourteen specified activities. The Court was not persuaded by the Tribe's position and entered final summary judgment in Stranburg's favor. The Tribe did not appeal that judgment. Thereafter, however, the Tribe filed the instant suit, against Biegalski, the current executive director of Florida's Department of Revenue, again seeking injunctive relief and a declaratory judgment that Florida's imposition of the utility tax on the Tribe's use of electricity on its reservations or other property is preempted by federal law. ("*Seminole II*"). However, in the instant case, rather than reference the Tribe's electricity use generally, as to "every activity it conducts on Tribal Land," like it did in *Seminole I*, the Tribe here narrowed its focus, specifying instead fourteen discrete activities in which it uses electricity: law enforcement; education activities; medical health and fire rescue services; family and youth counseling; water and sanitary management; road

construction and maintenance; housing activities; culture preservation; leasing activities; forestry and wildlife management; agricultural and livestock grazing activities; rock mining; Indian gaming; and gaming-related economic activities. Finding the claims in *Seminole II* subject to claim preclusion, based on the adjudication of the claims in *Seminole I*, the Court granted Biegalski's motion to dismiss. (ECF No. 41.) That is the order the Tribe now asks the Court to reconsider.

### 3. Discussion

The Tribe's motion rests on various alleged manifest errors of both law and fact in the Court's order. Specifically, says the Tribe, the Court: (1) mischaracterized the Tribe's claim as set forth in *Seminole I*; (2) misinterpreted the Eleventh Circuit's opinion in the appeal of *Seminole I*; (3) misapplied the test for determining whether the claims in *Seminole II* were indeed precluded by the adjudication of the claims in *Seminole I*; and (4) incorrectly declined to apply the "manifest injustice" exception to the application of claim preclusion in this case.

With respect to the Tribe's first allegation of error, it appears the Tribe's concern is that the Court, in dismissing the Tribe's case, failed to apprehend the Tribe's claim and therefore failed to actually address it. As a result, argues the Tribe, claim preclusion cannot apply because the Tribe's actual claim has never been decided on its merits. The Tribe's argument is misguided.

Although it is indeed true that claim preclusion can apply only when there is a final judgment on the merits, *e.g. Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003), the claims in *Seminole I* have, in fact, been decided on their merits. As set forth in this Court's order on remand, in *Seminole I*, the entirety of the Tribe's complaint was before this Court, as well as the Eleventh Circuit, on "fully-briefed and extensive cross-motions for *final* summary judgment." (*Seminole I*, Order on Remand, ECF No. 110, 6 (emphasis in original).) Discovery had long since closed and the motions were ripe for review. In reversing this Court's order on summary judgment, the Eleventh Circuit itself undertook the interest-balancing test set forth in *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136 (1980) in order to determine whether the Tribe had established preemption of the utility tax—either in its entirety or only to a certain extent. In conducting this analysis, the Eleventh Circuit determined that *based on the record before it*, "the Tribe has failed to demonstrate that the existence of these statutes represents an exclusive or pervasive federal regulation of those activities." *Seminole*, 799 F.3d at 1353 n. 22. That is, with the benefit of the parties' fully briefed cross-motions for summary judgment before it for review, the Eleventh Circuit concluded "the tax

is validly imposed" and could "discern here no pervasive federal interest or comprehensive regulatory scheme . . . sufficient to demonstrate" preemption. *Id.* at 1352, 1352 n. 21. To be clear, this Court, in evaluating Biegalski's motion to dismiss, was fully aware, like the Eleventh Circuit, that the Tribe sought a declaration that federal law preempts Florida's imposition of any utilities tax "*to the extent* [the tax] is applied to electricity used to conduct specific activities that the Tribe claims to be exclusively and pervasively regulated by [f]ederal law." (Pl.'s Mot. at 12 (emphasis in original).) The Eleventh Circuit, in adjudicating the Tribe's claim in *Seminole,* specifically focused on the "substantive shortcomings" in the Tribe's arguments, *Davila*, 326 F.3d at 1188, 89, thereby deciding the case on its merits.

In short, the Tribe's repeated reference to the Eleventh Circuit's "election" not to address the Tribe's preemption claim is flawed. As explained above, the Eleventh Circuit fully evaluated the Tribe's claim and was not persuaded "under the record presented in this case." *Seminole*, 799 F.3d at 1352 n. 21. The Eleventh Circuit specifically pointed to the Tribe's failure: to "develop further argument with respect to electricity use in specifically regulated on-reservation activities"; to "demonstrate that the existence of these statutes represents an exclusive or pervasive federal regulation of those activities"; and to "introduce[] evidence of a substantial federal interest in regulating Indians' utility use specifically." *Id.* at 1352, 1352 n. 22, 1353. The Eleventh Circuit did not "refrain" from addressing the issue; it carefully assessed the entirety of the Tribe's claim—which the Tribe had an opportunity to fully and fairly develop through discovery and briefing—and found the Tribe had failed to carry its burden of demonstrating its entitlement to relief.

The remainder of the Tribe's motion merely rehashes the arguments it presented during the briefing of Biegalski's motion to dismiss, repackages its concerns that its claims were not decided on their merits, presents new theories, or mischaracterizes this Court's order on dismissal. The Court therefore declines to reconsider its order or judgment.

### 4. Conclusion

The Tribe now claims "[i]t requested the same declaration in both cases." (*E.g.,* Pl.'s Reply, ECF no. 47, 3.) If this is so, then undoubtedly the same causes of action and the same factual predicates are at issue in both cases: whether federal law preempts the utility tax at issue, either in whole or in part. In *Seminole I,* The Tribe's case proceeded through discovery and final summary judgment. The Eleventh Circuit fully reviewed the record, subjected the Tribe's presentation to a *Bracker* analysis, and then determined the Tribe failed to make its case that the utility taxes at issue were preempted—to any extent. The

Tribe has simply not persuaded the Court (1) that, in the first instance, it should be afforded a second chance to litigate its claim anew; or (2) to reconsider the order denying it that chance. In sum, the Tribe has not set forth any basis to support its claims of manifest error in either fact or law.

The Court thus **denies** the Tribe's motion for reconsideration. (**ECF No. 43**). This case is to remain closed.

**Done and ordered**, at Miami, Florida, on April 19, 2018.

_____
Robert N. Scola, Jr.
United States District Judge